IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| AMY RACHEL, as Administratrix of the Estate of GREGORY RACHEL, deceased;<br><br>Plaintiff,<br><br>vs.<br><br>CITY OF MOBILE, ALABAMA; MICHAEL T. WILLIAMS, individually and in his official capacity as Chief of Police of the City of Mobile;<br><br>Defendants. | Civil Action No. 13-522 |

Defendant number 1 being the proper legal designation of the entity known as CITY OF MOBILE; Defendants number 2 and 3 being those individuals who acted negligently, carelessly and/or unskillfully in the restraint, arrest and death of Gregory Rachel.

## COMPLAINT

Plaintiff, Amy Rachel, as Personal Representative of the Estate of Gregory Rachel, deceased, by and through the undersigned attorneys, brings this legal action against defendant City of Mobile, Alabama and alleged the following:

### I. JURISDICTION

1. This is an action for damages and attorneys fees arising under 42 U.S.C. §§ 1983 and 1988, and damages arising under the laws of the state of

Alabama.

2. This Court has original jurisdiction of this action and the parties pursuant to 42 U.S.C. §§ 1983 and 1988; the U.S. Constitution; the provisions in 28 U.S.C. §§ 1331, et seq.; and the ancillary jurisdiction of this Court is pursuant to 29 U.S.C. § 1367 for all state law claims. State law clams are brought under Alabama's wrongful death statute. Such claims arise from a common nucleus of operative fact with violation(s) of 42 U.S.C. § 1983 as set forth above.

3. Venue is proper pursuant to 28 U.S.C. § 1391.

4. The acts, omissions and practices described in this Complaint occurred within the jurisdiction of the United States District Court in and for the Southern District of Alabama.

5. Plaintiff, Amy Rachel, is the Personal Representative of the Estate of Gregory Rachel, deceased. Letters of Administration attached hereto as Exhibit A.

6. Plaintiff Rachel, as Personal Representative of the Estate seeks compensatory damages, punitive damages (where identified below), costs and expenses, and reasonable attorneys' fees pursuant to 42 U.S.C. § 1983, more specifically described below. Fee entitlement is alleged pursuant to 42 U.S.C. § 1988.

7. At all times material hereto, the acts, omission, practices and other conduct of each defendant were committed under color of state of local law.

8. At all times material hereto, the acts and omissions of the Defendant were committed by agents, employees and actors of the City of Mobile, Alabama police department and within the course and scope of their employment as police officers for the City of Mobile.

9. At all times material hereto, Plaintiff ha complied with all conditions precedent to bringing this action, including, but not limited to, compliance with Alabama Code § 11-47-192.

## II. PARTIES

10. At all times material hereto, Plaintiff's Decedent, Gregory Rachel was a resident of Mobile County, Alabama and a citizen of the State of Alabama.

11. Defendant, City of Mobile, Alabama is a municipal corporation bound under the laws of the State of Alabama.

12. At all times material hereto, Defendant City of Mobile, Alabama was and employed individuals (namely police officers) who are "persons" subject to legal action under 42 U.S.C. § 1983.

13. At all times material hereto, Defendant Chief Williams, was a "person" subject to legal action under 42 U.S.C. § 1983.

14. At all times material hereto, Defendant Chief Williams, through his agents and employees, including other named and unknown individual defendants, was responsible for the proper and efficient enforcement of the laws, regulations, policies, practices and procedures of the State of Alabama and the Constitution of the United States of America.

15. At all times material hereto, Defendant City of Mobile, Alabama through it's agents and employees, including other unknown individual defendants, was responsible for the proper and efficient enforcement of the laws, regulations, policies, practices and procedures of the State of Alabama and the Constitution of the United States of America.

16. Plaintiff Rachel has retained the services of the undersigned attorneys and is obligated to pay a reasonable attorney's fee for such services in pursuing the claims asserted herein.

### III. FACTS APPLICABLE TO ALL COUNTS

17. On or about May 1, 2012, the City of Mobile police department responded to a 911 potential domestic violence call by Amy Rachel at her address: 9782 Estate Drive. City of Mobile police arrived at the Rachel residence at approximately 3:30 am. Prior to the arrival of the City of Mobile police, Amy Rachel and her children had left the residence and were across the street in a

neighbor's home.

20. Immediately prior to or at the same time as the arrival of the City of Mobile police officers, Gregory Rachel exited the residence through the front door. Gregory was dressed and unarmed as he exited the residence. Furthermore, as Gregory exited the home, he had his hands in the air.

19. Upon exiting the residence, Gregory was observed walking around yard surrounding the home with his hands raised. At no time did Gregory Rachel offer resistance to the police officers.

20. Shortly after exiting the home with his hands raised and while walking in his yard, two City of Mobile police officers used tasers on Gregory multiple times. As a result of the tasers being used, Gregory fell to his buttocks and knees and attempted to remove the taser darts. While doing so, Gregory requested that the police officers not taser him anymore. At no time during this episode did Gregory offer resistance to the City of Mobile police officers.

21. While he was on his knees and buttocks, City of Mobile police officers began to kick and stomp Gregory. These police officers also used batons to physically beat Gregory on his back and other areas of his body. While striking, kicking and stomping Gregory, these police officers were heard to repeatedly yell at Gregory "What is wrong with you?"

22. Once Gregory was positioned face down in a ditch in front of his residence, he was manacled at his feet and his hands behind his back with handcuffs. While in this position (face down and restrained) one or two of the officers were observed sitting on his back.

23. During the events described above, additional officers from the City of Mobile police department arrived at the scene. At some point after being restrained, two or more officers attempted to lift Gregory out of the ditch. During this effort, there was a discussion as to whether Gregory was still alive. During this discussion a neighbor who was observing the events and was an EMT began to assess Gregory and started chest compressions.

24. Despite resuscitative efforts by the bystander and Mobile County EMTs, Gregory Rachel died from injuries sustained during his interaction with the City of Mobile police officers.

## IV. LEGAL COUNTS

### Count I
### Civil Rights Violation Under 42 U.S.C. § 1983
### City of Mobile, Alabama

25. Plaintiff re-alleges paragraphs 1-24 as is fully set forth herein.

26. At all time material hereto, Defendant had a legal duty to appropriately restrain and/or arrest in a manner which is safe to all parties and

necessary under the circumstances. The City of Mobile, by and through the actions of its agents acted negligently, carelessly and/or unskillfully in the restraint and arrest of Gregory Rachel. As a proximate result of the negligence and/or wanton conduct of the City of Mobile by and through the actions of its agents Gregory Rachel was killed.

27. At all times material hereto, in attempting to restrain and/or arrest the Decedent, Defendant, through it's agents and employees, used physical force which was clearly excessive in light of the circumstances existing at the time of the arrest. Defendant, by and through it's agents and employees, used excessive force with the intent to inflict unnecessary harm upon the Decedent and such use of force caused physical injuries resulting in death.

28. Further Plaintiff alleges that the restraint and/or arrest by Defendant, through it's agents and employees, with the use of excessive force was in violation of Decedent's rights under the Fourth Amendment of the United States Constitution to be free from unreasonable arrest and his right under the Fourteenth Amendment of the United States Constitution to due process of law. Plaintiff's restrain and/or arrest was made under color of the authority of Defendant as a police officer(s) for the City of Mobile. The excessive force used by the Defendant was deliberately indifferent to the health, safety and welfare of the Decedent.

29. Plaintiff further alleges that the violation of Decedent's constitutional rights were caused by implementation of a custom, policy, or official act of Defendant, City of Mobile.

30. As a direct, proximate and foreseeable result of the acts and omissions of the Defendant, by and through the conduct of it's agents and employees, Decedent suffered severe physical injuries from which he died.

WHEREFORE, Plaintiff Rachel, for the Estate, prays this Court grant the following relief on her civil rights claim brought pursuant to 42 U.S.C. §§ 1983 and 1988 against Defendant City of Mobile, Alabama:

(i) Judgement for compensatory damages against each Defendant;

(ii) Judgment for punitive damages against each Defendant;

(iii) Judgement for attorneys' fees pursuant to 42 U.S.C. § 1988, together with the costs and expenses of this civil rights action, against each Defendant;

(iv) Judgement for pre-judgment interest on all economic losses and on attorney's fees for delay in payment, against each such Defendant;

(v) A trial by jury on all issues so triable; and

(vi) Such other and further relief that this Court may deem just, proper and appropriate against each Defendant.

## Count I
## Civil Rights Violation Under 42 U.S.C. § 1983
## Individual and Official Capacity Claim
## Michael Williams Chief of Police City of Mobile

31. Plaintiff re-alleges paragraphs 1-30 as is fully set forth herein.

32. At all time material hereto, Defendant Williams had a legal duty to adopt and implement rules and procedures to ensure that his police force appropriately restrain and/or arrest citizens in a manner which is safe to all parties and necessary under the circumstances. This duty included, but was not limited to, the duty to create, adopt and implement rules, regulations, practices and procedures which clearly direct police officers as to the appropriate use of force under relevant circumstances.

33. Defendant Williams' failure to adopt and implement adequate polices regarding his police officers appropriate use of force under the relevant circumstances and his conscious ignorance of his legal duties and responsibilities under the law as a matter of custom and practice, constitutes deliberate indifference to the known, serious consequences of excessive force..

34. Defendant Williams is legally liable for the deliberate indifference of his police officers with respect to the use of excessive force against Plaintiff's Decedent.

35. At all times material hereto, Defendant Williams knew or reasonably should have known and it was foreseeable that allowing police officers to use excessive force under the circumstances would result in serious injury or death to citizens of the City of Mobile.

36. At all times material hereto, Defendant Williams knew or reasonably should have known that his failure to establish a custom, policy or practice regarding proper use of force under relevant circumstances would result in repeated instances of excessive force by reason of carelessness, recklessness, deliberate indifference or other culpable conduct.

37. As a direct and proximate and foreseeable result of Defendant Williams' customs, policies and practices relating to the use of excessive force, Plaintiff's Decedent was killed.

38. Defendant Williams further acted with deliberate indifference in causing the aforesaid constitutional violation by police officers of the City of Mobile as follows:

    a. Defendant Williams failed to adequately train and educate the City of Mobile police officers in the acceptable level of force thereby creating an atmosphere of illegal and unconstitutional behavior with respect to use of force in situations such as the incident made the basis of this complaint, in deliberate

indifference and reckless disregard to the health, safety and welfare of persons facing restrain and/or arrest in the City of Mobile;

      b.    Defendant Williams failed to adequately train and educate the City of Mobile police officers in recognizing and responding to medical emergencies while an individual is restrained under the care and custody of City of Mobile police officers thereby creating an atmosphere of illegal and unconstitutional behavior with respect to use of force in situations such as the incident made the basis of this complaint, in deliberate indifference and reckless disregard to the health, safety and welfare of persons facing restrain and/or arrest in the City of Mobile;

      c.    Defendant Williams failed to adequately train, educate, supervise and control the City of Mobile police officers with respect to the policies and practices in the acceptable level of force thereby creating an atmosphere of illegal and unconstitutional behavior with respect to use of force in situations such as the incident made the basis of this complaint, in deliberate indifference and reckless disregard to the health, safety and welfare of persons facing restrain and/or arrest in the City of Mobile.

    39.    As a direct, proximate and foreseeable result of the acts and omissions of Defendant Williams, individually, officially and by and through the

conduct of agents and employees, Decedent suffered severe physical injuries from which he died.

WHEREFORE, Plaintiff Rachel, for the Estate, prays this Court grant the following relief on her civil rights claim brought pursuant to 42 U.S.C. §§ 1983 and 1988 against Defendant Williams:

    (i)    Judgement for compensatory damages against each Defendant;

    (ii)    Judgment for punitive damages against each Defendant;

    (iii)    Judgement for attorneys' fees pursuant to 42 U.S.C. § 1988, together with the costs and expenses of this civil rights action, against each Defendant;

    (iv)    Judgement for pre-judgment interest on all economic losses and on attorney's fees for delay in payment, against each such Defendant;

    (v)    A trial by jury on all issues so triable; and

    (vi)    Such other and further relief that this Court may deem just, proper and appropriate against each Defendant.

## Count III
## State Law Negligence Claim

40.    Plaintiff re-alleges paragraphs 1-39 as if fully set forth herein.

41.    At all time material hereto, Defendant had a legal duty to

appropriately restrain and/or arrest in a manner necessary under the circumstances. The City of Mobile, by and through the actions of its agents acted negligently, carelessly and/or unskillfully in the restraint and arrest of Gregory Rachel. As a proximate result of the negligence and/or wanton conduct of the City of Mobile by and through the actions of its agents Gregory Rachel was killed.

42. At all times material hereto, in attempting to restrain and/or arrest the Decedent, Defendant, through it's agents and employees, negligently, carelessly and/or unskillfully used physical force which was clearly excessive in light of the circumstances existing at the time of the arrest. Defendant, by and through it's agents and employees, used excessive force with the intent to inflict unnecessary harm upon the Decedent and such use of force caused physical injuries resulting in death.

43. As a direct, proximate and foreseeable result of the acts and omissions of the Defendant, by and through the conduct of it's agents and employees, Decedent suffered severe physical injuries from which he died.

WHEREFORE, Plaintiff Rachel, for the Estate, prays this Court grant the following relief on her state law claim of wrongful death against Defendant City of Mobile, Alabama:

    (i)    Judgment for punitive damages against each Defendant;

  (ii) Judgement for pre-judgment interest on all economic losses and on attorney's fees for delay in payment, against each such Defendant;

  (iii) A trial by jury on all issues so triable; and

  (iv) Such other and further relief that this Court may deem just, proper and appropriate against each Defendant.

*/s/ Erik S. Heninger*

ERIK S. HENINGER (ASB1189k46h)
DREW HASKINS, IV (HASKD5855)
Attorneys for Plaintiff

*Of Counsel:*

HENINGER GARRISON DAVIS, LLC
2224 1ST Avenue North
Post Office Box 11310 (35202)
Birmingham, Alabama 35203
205-326-3336 (phone)
205-380-8080 (facsimile)

## JURY DEMAND

Plaintiff demands trial by struck jury on all issues raised herein.

*/s/ Erik S. Heninger*

ERIK S. HENINGER
Attorney for Plaintiff

<u>Defendants' Address:</u>     **TO BE SERVED VIA CERTIFIED MAIL**

City of Mobile
c/o Sandy Stimpson, Mayor
10th Floor Government Plaza
P. O. Box 1827
Mobile, AL 36633-1827

Michael T. Williams
Chief of Police
2531 Lost River Road
Mobile, AL 36605-4447

## **CERTIFICATE OF SERVICE**

I hereby certify that on November 7, 2013, the foregoing document(s) was filed with the Court using the Court's electronic filing system and/or mailed via U.S. Mail, postage pre-paid, to the following party or parties of interest or record:

Sandy Stimpson, Mayor
10th Floor Government Plaza
P. O. Box 1827
Mobile, AL 36633-1827

James Barber
Chief of Police
2460 Government Street
Mobile, AL 36606

/s/ Erik S. Heninger
ERIK S. HENINGER
Attorney for Plaintiff

# EXHIBIT A

IN THE PROBATE COURT OF MOBILE COUNTY, ALABAMA

IN THE MATTER OF				CASE NO. 2012-2438

GREGORY KEITH RACHEL

Deceased.

## ORDER

Petition for letters of administration dated November 28th, 2012, of the above named decedent is hereby **GRANTED** this date. Bond in the amount of $10,000.00 is hereby taken and approved. Letters of Administration shall issue forthwith to Amy Marie Rachel, as prayed.

It is further **ORDERED** that the Personal Representative shall not deposit with his/her legal counsel, and legal counsel shall not receive, any funds or other assets of this estate which exceed the total sum/value of $10,000 without prior approval of the Court. Any estate funds appropriately held by legal counsel shall be placed in an interest account unless said funds are to be disbursed within forty-five (45) days of receipt by legal counsel.

It is further **ORDERED** as follows:

**Inventory and Handbook Certificate due February 4th, 2013, at 3:30 p.m.**

**Annual partial settlement and accounting due February 7th, 2014.**

Ordered this 2nd day of January, 2012.

_____
Don Davis, Judge of Probate

| | |
|---|---|
| THE STATE OF ALABAMA | COURT OF PROBATE |
| COUNTY OF MOBILE | CASE NO. 2012-2438 |
| GREGORY KEITH RACHEL, Deceased | |

## LETTERS OF ADMINISTRATION

Letters of Administration of the Estate of Gregory Keith Rachel, deceased, are hereby granted to Amy Marie Rachel, who has duly qualified and given bond as such Personal Representative and is authorized to administer such estate in accordance with the powers and duties set out pursuant to Ala. Code §§43-2-830, et seq. (1975). The powers and duties of said Personal Representative specifically include, but are not limited to, gathering and retaining estate assets, preparing an inventory of estate assets, paying taxes, fees, and expenses, including court costs, incident to the administration of the estate. The authority of the Personal Representative is restricted as follows:

**Restrictions:**
(1) Personal Representative shall not distribute any monies or estate assets resulting from litigation or settlement of litigation without prior Court approval.
(2) Personal Representative must immediately report to the Court the receipt of any monies or assets which were not reported in the initial inventory and/or are received while these Letters are in effect.

Ordered this 2nd day of January, 2012.

_/s/ Don Davis_
Don Davis, Judge of Probate