# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| AMY RACHEL, as Administratrix of the Estate of GREGORY RACHEL, Deceased, ) ) ) ) | |
| Plaintiff, ) ) | |
| v. ) ) ) | CASE NO. 1:13-CV-00522-WS-M |
| CITY OF MOBILE, ALABAMA; MICHAEL T. WILLIAMS, individually and in his official capacity as Chief of Police of the City of Mobile, ) ) ) ) ) ) ) | |
| Defendants. ) | |

## REPORT OF PARTIES' PLANNING MEETING

Pursuant to Fed.R.Civ.P. 26(f), a meeting was held on January 29, 2014 and was attended by:

Erik S. Heninger and Drew Haskins, IV for Plaintiff

Michael D. Strasavich and Betsy P. Collins for Defendant City of Mobile, Alabama

Raymond L. Bell, Jr. for Defendant Michael T. Williams

The parties do not request a conference with the court before entry of the scheduling order.

1.  Plaintiff's Brief Narrative Statement.

At the time of the incident made the basis of this Complaint, Plaintiff alleges that the Defendants were responding to a domestic disturbance call at the decedent's residence. Upon arriving at the scene, the Defendants acted negligently, carelessly and/or unskillfully in the restraint and arrest of Gregory Rachel. In

attempting to restrain and/or arrest the Decedent, Defendants, individually or through it's agents and employees, used physical force, including, but not limited to, repeated strikes with batons, repeated use of tasers which was clearly excessive in light of the circumstances existing at the time of the arrest. Defendant, by and through it's agents and employees, used excessive force with the intent to inflict unnecessary harm upon the Decedent and such use of force caused physical injuries resulting in death. Plaintiff alleges that the restraint and/or arrest by Defendant, through it's agents and employees, with the use of excessive force was in violation of Decedent's rights under the Fourth Amendment of the United States Constitution to be free from unreasonable arrest and his right under the Fourteenth Amendment of the United States Constitution to due process of law. Plaintiff's restraint and/or arrest was made under color of the authority of Defendant as a police officer(s) for the City of Mobile. The excessive force used by the Defendant was deliberately indifferent to the health, safety and welfare of the Decedent.

Defendant City of Mobile, Alabama's Brief Narrative Statement.

Police officers employed by the City of Mobile responded to a call in the early morning hours of May 1, 2012 concerning a possible domestic violence incident at the Rachel home located on Estate Drive. The officers responding to the scene encountered Amy Rachel who was at a neighbor's home, as well as Gregory Rachel outside of the Rachel residence. The responding officers as well as and other officers who responded to the scene as back-up attempted to peacefully gain control of Mr. Rachel and to take him into custody. Mr. Rachel resisted, and a struggle ensued between the officers and Mr. Rachel. At some point after the struggle between Mr. Rachel and the officers ended, it was determined that Mr. Rachel was not breathing and medical responders were summoned. Mr. Rachel later was pronounced dead at an area hospital.

Defendant City of Mobile denies that its police officers used excessive force or otherwise committed constitutional violations during the subject incident, and further denies that it maintained policies or procedures allowing these to occur.

Defendant Michael T. Williams' Brief Narrative Statement.

Michael T. Williams served as the Chief of the Mobile Police Department. The Mobile Police Department has various policies and procedures, including standard operating procedures and general orders, that each member of the police department are trained to follow. In order to become an officer in the department, all candidates are trained as a cadet or received officer training through prior law enforcement training and experience. In his capacity as the Chief of the

department, Mr. Williams required all officers to receive the appropriate training prior to performing law enforcement duties and responsibilities.  In addition to the training officers received prior to performing any law enforcement duties and responsibilities, officers are provided additional training throughout their employment with the department. Examples of the subject matters included in officer training are the proper use of weapons, tasers, restraining devises, detaining, arrest, custody, suspect and citizen encounters and self-defense.  As Chief of the Mobile Police Department, at all pertinent times relevant to this litigation, Mr. Williams required all officers to be properly trained and to follow all policies and procedures of the department.

2.	This jury action should be ready for trial by April, 2015 and at this time is expected to take approximately 3-4 days exclusive of jury selection.

3.	The parties request a pretrial conference in March, 2015.

4.	<u>Discovery Plan</u>.  The parties jointly propose to the court the following discovery plan:

Discovery will be needed on the following subjects:

- The allegations made by Plaintiff in the Complaint.
- The defenses asserted by Defendants in their Answers.
- The eyewitnesses to the events surrounding the death of Plaintiff's decedent.
- The damages claimed by Plaintiff.
- The cause or causes of death of Plaintiff's decedent.

All discovery commenced in time to be completed by December 15, 2014.

5.	<u>Initial Disclosures</u>.  The parties will exchange by February 25, 2014 the information required by Fed.R.Civ.P. 26(a)(1).

6.	The parties request until April 30, 2014 to join additional parties and amend the pleadings.

7.	Reports from retained experts under Rule 26(a)(2) due:

From plaintiff by September 30, 2014;

From defendants by October 31, 2014.

8. <u>Pretrial Disclosures</u>.  Final lists of witnesses and exhibits under Rule 26(a)(3) due by fourteen days prior to the pretrial conference.

9. <u>Discovery Limits</u>.

Maximum of 25 interrogatories by each party to any other party.  Responses due 30 days after service.

Maximum of 10 depositions by plaintiff and 10 by defendants.  Each deposition limited to a maximum of 7 hours unless extended by agreement of parties.

Maximum of 25 requests for admission by each party to any other party.  Responses due 30 days after service.

Maximum of 30 requests for production of documents by each party to any other party.  Responses due 30 days after service.

10. All potentially dispositive motions filed by January 15, 2015.

11. Settlement cannot be evaluated prior to December 15, 2014, the close of discovery.

12. The discovery in this action will include Electronically Stored Information (ESI). The parties believe that there is a relatively inconsequential amount of ESI and that most of the documents in the case are maintained in hard copy. Depending upon the discovery sought, the parties will work together to identify potential custodians who might have generated electronic information and to the extent said information is germane to the issues, is identifiable, is not subject to any privilege, still exists and is readily accessible, the parties will produce responsive ESI in PDF format. Additionally the parties will work together to submit a proposed protective order to the Court which will provide for protections against waiver of privilege in the event of any inadvertent production.

13. The parties have no other matters that they feel are appropriate for inclusion in the Rule 16(b) Order.

Date:  February 7, 2014.

<table>
<tr><td>

*/s/ Erik S. Heninger (by consent)*
Erik S. Heninger (ASB1189K46H)
Drew Haskins, IV (HASKD5855)
Counsel for Plaintiff
Heninger Garrison Davis, LLC
2224 1st Avenue North
Post Office Box 11310 (35202)
Birmingham, Alabama  35203
Telephone:  (205) 326-3336

</td><td>

*/s/ Michael D. Strasavich*
Michael D. Strasavich (STRAM9557)
Betsy P. Collins (COLLB9715)
Counsel for Defendant City of Mobile, Alabama
Post Office Box 2287
Mobile, Alabama  36652
Telephone:  (251) 344-5151

</td></tr>
</table>

*/s/ Raymond L. Bell, Jr., (by consent)*
Jonathan B. Mabire (MABIJ4331)
Raymond L. Bell, Jr. (BELLR2024)
Counsel for Defendant Michael T. Williams
Bell Law Firm, P.C.
Post Office Box 1932
Mobile, Alabama  36633
Telephone:  (251) 964-9020

## CERTIFICATE OF SERVICE

I hereby certify that I have served a copy of the foregoing document by Notice of Electronic Filing, or, if the party served does not participate in Notice of Electronic Filing, by U.S. First Class Mail, hand delivery, fax or email on this the 7th day of February, 2014:

<table>
<tr><td>

Erik S. Heninger, Esquire
Drew Haskins, IV, Esquire
Heninger Garrison Davis, LLC
2224 1st Avenue North
Post Office Box 11310 (35202)
Birmingham, Alabama  35203

</td><td>

Raymond L. Bell, Jr. Esquire
Jonathan B. Mabire, Esquire
Bell Law Firm, P.C.
Post Office Box 1932
Mobile, Alabama 36633-1932

</td></tr>
</table>

                                                */s/ Michael D. Strasavich*
                                                OF COUNSEL