# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| AMY RACHEL, etc., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CIVIL ACTION 13-0522-WS-M |
| | ) |
| CITY OF MOBILE, ALABAMA, et al., | ) |
| | ) |
| Defendants. | ) |

## ORDER

This matter is before the Court on motions to dismiss filed by defendants City of Mobile, Alabama ("the City") and Michael T. Williams. (Docs. 44, 46). The parties have filed briefs in support of their respective positions, (Docs. 44, 46, 61, 64, 65), and the motions are ripe for resolution.

## BACKGROUND

According to the amended complaint, (Doc. 41), the plaintiff's decedent died after being repeatedly tased by members of the City's police force. The defendants are the City, Police Chief Williams, and the four responding officers. Count One, Two and Three are brought against the City, Chief Williams (individual and official capacities), and the responding officers (individual and official capacities), respectively, pursuant to Section 1983, asserting the use of constitutionally excessive force and the deprivation of life without due process. Count Four is brought against all defendants under state law for wrongful death.

**DISCUSSION**

**I. The City.**

The City seeks dismissal of: (1) any claim for punitive damages under Count One; (2) any claim for punitive damages under Count Two or Count Three, to the extent asserted against the individual defendants in their official capacities; (3) Count One to the extent based on respondeat superior or vicarious liability; (4) any claim for any recovery from the City under Count Four other than punitive damages; and (5) any claim against the City under Count Four based on the intentional conduct of its employees or on any conduct other than neglect, carelessness or unskillfulness. (Doc. 44 at 8).

The plaintiff expressly "concedes" the first four items, as well as the "intentional conduct" portion of the fifth. (Doc. 61 at 1-2). The City's motion to dismiss is thus due to be granted in all these respects.

The City's liability under Count Four is limited by statute to "neglect, carelessness or unskillfulness." Ala. Code § 11-47-190. The plaintiff offers no argument to the contrary. Accordingly, the City's motion to dismiss is due to be granted in this respect as well.[1]

**II. Chief Williams.**

Chief Williams seeks dismissal of: (1) Count Two to the extent brought against him in his official capacity; (2) Count Two to the extent brought against him in his individual capacity; and (3) any claim for any recovery from him under Count Four other than punitive damages. (Doc. 46 at 6-7).

The plaintiff expressly "concedes" the third item. (Doc. 61 at 2-3). As to the first item, the plaintiff concedes, but only with respect to punitive damages. (*Id.* at 2). As to the second item, the plaintiff concedes, but only to the extent

---

[1] The meaning of the phrase, "neglect, carelessness or unskillfulness," has been fleshed out in the case law. Granting the City's motion to dismiss in this respect does not restrict the plaintiff's ability to establish the City's liability beyond what that case law reflects.

Count Two is based on respondeat superior. (*Id*. at 2-3). Chief Williams' motion to dismiss is thus due to be granted in all these respects.

As this Court has recognized, an official-capacity suit against a local government official, when the governmental entity is also sued, is redundant, unnecessary and subject to dismissal on that basis. *M.R. v. Board of School Commissioners*, 2012 WL 2931263 at *2 (S.D. Ala. 2012).[2] The plaintiff offers no argument to the contrary. Accordingly, the first item of Chief Williams' motion to dismiss is due to be granted in in its entirety.

Chief Williams offers two reasons that Count Two should be dismissed: (1) the amended complaint fails adequately to allege a causal connection between his action or inaction and the alleged constitutional violations; and (2) he is entitled to qualified immunity. (Doc. 46 at 3-6). The plaintiff addresses neither of these arguments, and Chief Williams concludes that this silence works an "abandon[ment]" of Count Two. (Doc. 64 at 2). It does not. *Gailes v. Marengo County Sheriff's Department*, 916 F. Supp. 2d 1238, 1241-43 (S.D. Ala. 2013). A defendant retains the initial burden to demonstrate that it is entitled to dismissal and, if the Court determines that the defendant's position is clearly incorrect or inadequate, it will deny the motion to dismiss. "If, however, the defendant's presentation is adequate to satisfy its initial burden, the Court will not deny the motion based on arguments the plaintiff could have made but by silence elected not to raise." *Id*. at 1243-44. The Court concludes that Chief Williams has met his initial burden and that he is entitled to dismissal of Count Two.

**A. Pleading of Causation.**

"Supervisory liability lies where the defendant personally participates in the unconstitutional conduct or there is a causal connection between such conduct and

---

[2] The result would be different were the City protected by the Eleventh Amendment and were the plaintiff seeking equitable relief, but these circumstances are not presented here. (Doc. 41 at 12-13).

3

the defendant's actions." *Harper v. Lawrence County*, 592 F.3d 1227, 1236 (11th Cir. 2010). The causal connection can be established in any of three ways (for a total of four potential bases of liability). The first requires both a "history of widespread abuse" placing the supervisor "on notice of the need to correct the alleged deprivation" and the supervisor's failure to do so. The second is established "when a supervisor's custom or policy … result[s] in deliberate indifference to constitutional rights." The third requires that the supervisor "directed the subordinates to act unlawfully" or "knew" they would do so "and failed to stop them from doing so." *Id*. (internal quotes omitted).

The complaint does not accuse Chief Williams of personally participating in the treatment of the plaintiff's decedent, nor does it allege that he directed his subordinates to tase the decedent or deny him medical treatment or that he knew they would do so. (Doc. 41 at 9-12). The complaint does fault Chief Williams for failing to train his officers adequately regarding use of force and responding to medical emergencies. (*Id*. at 11-12). However, a failure to train or supervise can support supervisory liability only if there is a history of widespread abuse putting the supervisor on notice of the need to correct the conduct by additional training or supervision. *Cotton v. Jenne*, 326 F.3d 1352, 1361-61 (11th Cir. 2003). The complaint alleges no such history and no such notice.

Because of these deficiencies, the amended complaint does not state a claim against Chief Williams unless it alleges that he had a custom or policy and that such custom or policy resulted in deliberate indifference to constitutional rights. The amended complaint alleges that Chief Williams had a legal duty to adopt rules and procedures to ensure the appropriate use of force; that he failed to adopt and implement such rules and procedures; and that his failure resulted in the responding officers' deliberate indifference to the decedent's constitutional rights. (Doc. 41 at 9-10). The amended complaint appears to allege that Chief Williams' failure constituted a custom. (*Id*. at 10, ¶ 37). Assuming without deciding that the amended complaint adequately alleges supervisory liability on this basis, the Court

considers whether Chief Williams is entitled to qualified immunity as to this claim.

**B. Qualified Immunity.**

"[G]overnment officials performing discretionary functions generally are shielded from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982). "[T]he burden is first on the defendant to establish that the allegedly unconstitutional conduct occurred while he was acting within the scope of his discretionary authority." *Harbert International, Inc. v. James*, 157 F.3d 1271, 1281 (11th Cir. 1998). The burden then shifts to the plaintiff to show that the defendant's conduct "violated a clearly established statutory or constitutional right." *Grayden v. Rhodes*, 345 F.3d 1225, 1231 (11th Cir. 2003). The inquiry may be broken down into two parts: (1) whether the facts alleged, if true, would establish a violation of the plaintiff's rights; and (2) whether these rights were clearly established at the time of the alleged deprivation. *Id.*

"[T]he burden is first on the defendant to establish that the allegedly unconstitutional conduct occurred while he was acting within the scope of his discretionary authority. ... If, and only if, the defendant does that will the burden shift to the plaintiff to establish that the defendant violated clearly established law." *Harbert International*, 157 F.3d at 1281 (emphasis added). The reason is that an official acting outside the scope of his discretionary authority "ceases to act as a government official and instead acts on his own behalf," so that "the policies underlying the doctrine of qualified immunity no longer support its application." *Id*.

For purposes of federal qualified immunity analysis, a defendant acts within his discretionary authority when "his actions were undertaken pursuant to the performance of his duties and within the scope of his authority." *Rich v.*

5

*Dollar*, 841 F.2d 1558, 1564 (11th Cir. 1988) (internal quotes omitted). That is, "[w]e ask whether the government employee was (a) performing a legitimate job-related function (that is, pursuing a job-related goal), (b) through means that were within his power to utilize." *Holloman ex rel. Holloman v. Harland*, 370 F.3d 1252, 1265 (11th Cir. 2004). "The inquiry is not whether it was within the defendant's authority to commit the allegedly illegal act," but "whether the act complained of, if done for a proper purpose, would be within, or reasonably related to, the outer perimeter of an official's discretionary duties." *Harbert International*, 157 F.3d at 1282 (internal quotes omitted). For example, the issue is not whether a marshal has the authority to deliver a prisoner into unconstitutional conditions but whether he has the authority to transport and deliver prisoners. *Id*. (describing *Jordan v. Doe*, 38 F.3d 1559, 1566 (11th Cir. 1994)).

As explained in Part II.A, the sole surviving basis of Count Two is that Chief Williams had a legal duty to adopt and enforce rules and procedures ensuring the appropriate use of force and that he failed to do so. (Doc. 41 at 9-10). The amended complaint itself thus establishes that Chief Williams was acting within his discretionary authority.

Because Chief Williams (with assistance from the plaintiff) has met his threshold burden, the burden shifts to the plaintiff to demonstrate that his conduct "violated a clearly established statutory or constitutional right." *Grayden*, 345 F.3d at 1231. Assuming without deciding that the plaintiff could demonstrate that the decedent's constitutional rights were violated, she has not met her burden of showing that the right was clearly established.

To be clearly established, "pre-existing law must dictate, that is truly compel (not just suggest or allow or raise a question about), the conclusion for every like situated reasonable government agent that what the defendant is doing violates federal law in the circumstances." *Lassiter v. Alabama A&M University*, 28 F.3d 1146, 1150 (11th Cir. 1994) (en banc). "The relevant, dispositive inquiry

in determining whether a right is clearly established is whether it would be clear to a reasonable officer that his conduct was unlawful in the situation he confronted." *Saucier v. Katz*, 533 U.S. 194, 202 (2001). The law is clearly established if any of three situations exists.

"First, the words of the pertinent federal statute or constitutional provision in some cases will be specific enough to establish clearly the law applicable to particular conduct and circumstances to overcome qualified immunity, even in the total absence of case law." *Vinyard*, 311 F.3d at 1350 (emphasis omitted).

"Second, ... some broad statements of principle in case law are not tied to particularized facts and can clearly establish law applicable in the future to different sets of detailed facts." *Vinyard*, 311 F.3d at 1351. "For example, if some authoritative judicial decision decides a case by determining that 'X Conduct' is unconstitutional without tying that determination to a particularized set of facts, the decision on 'X Conduct' can be read as having clearly established a constitutional principle: put differently, the precise facts surrounding 'X Conduct' are immaterial to the violation." *Id*.

"Third, [when] the Supreme Court or we, or the pertinent state supreme court has said that 'Y Conduct' is unconstitutional in 'Z Circumstances,'" then if "the circumstances facing a government official are not fairly distinguishable, that is, are materially similar [to those involved in the opinion], the precedent can clearly establish the applicable law." *Vinyard*, 311 F.3d at 1351-52. When case law is utilized to show that the law was clearly established, it must pre-date the challenged conduct. *Mercado v. City of Orlando*, 407 F.3d 1152, 1159 (11th Cir. 2005).

As noted, the plaintiff has remained silent in the face of Chief Williams' invocation of qualified immunity. Because she bears the burden of showing that Chief Williams' alleged conduct violated a clearly established right, her failure to address that burden is fatal.

Qualified immunity is not available to an individual sued in his official capacity. *E.g., Bruce v. Beary*, 498 F.3d 1232, 1249 n.33 (11th Cir. 2007). Nor does it protect a defendant sued in his individual capacity for declaratory or injunctive relief. *E.g., Ratliff v. DeKalb County*, 62 F.3d 338, 340 n.4 (11th Cir. 1995). However, there is no surviving official capacity claim against Chief Williams, and Count Two seeks only damages. (Doc. 41 at 12-13).

## CONCLUSION

For the reasons set forth above, the City's motion to dismiss is **granted**, and Chief Williams' motion to dismiss is also **granted**. Count Two is **dismissed**, and Counts One, Three and Four are limited as described above.

DONE and ORDERED this 18th day of September, 2014.

s/ WILLIAM H. STEELE
CHIEF UNITED STATES DISTRICT JUDGE