IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| AMY RACHEL, etc., | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
| v. | ) CIVIL ACTION  13-0522-WS-M |
| | ) |
| CITY OF MOBILE, ALABAMA, et al., | ) |
| | ) |
|     Defendants. | ) |

**ORDER**

The plaintiff and defendant City of Mobile ("the City") have filed a stipulation of dismissal of Count One (which is asserted only against the City). (Doc. 104).  The stipulation invokes Rule 41(a)(1)(A)(ii).  While Rule 41(a)(1) can be used to dismiss all claims against less than all defendants, it cannot be used to dismiss less than all claims against a defendant.  *Klay v. United Healthgroup, Inc.*, 376 F.3d 1092, 1106 (11th Cir. 2004) ("Rule 41 allows a plaintiff to dismiss all of his claims against a particular defendant; its text does not permit plaintiffs to pick and choose, dismissing only particular claims within an action.").[1]  Because the City would remain a defendant under Count Four, (Doc. 41 at 16-18), the stipulation of dismissal as to Count One is legally ineffective. Accordingly, the City remains a party to Count One despite the stipulation.[2]

---

[1] *Accord Bailey v. Shell Western E&P, Inc.*, 609 F.3d 710, 720 (5th Cir. 2010); *Hells Canyon Preservation Council v. United States Forest Service*, 403 F.3d 683, 687-88 (9th Cir. 2005); *Gobbo Farms & Orchards v. Poole Chemical Co.*, 81 F.3d 122, 123 (10th Cir. 1996); *Exxon Corp. v. Maryland Casualty Co.*, 599 F.2d 659, 662 (5th Cir. 1979).  The difference in treatment flows from the language of Rule 41(a)(1), which permits the voluntary dismissal of an "action," not (as in Rule 41(b)) of a "claim"; dismissal of all claims against a defendant effectively ends the action as to that defendant and so is permitted by the rule.  *Id*. at 662.

[2] The proper means of dismissing fewer than all claims against a single defendant is by amended complaint.  *Klay*, 376 F.3d at 1106.

The plaintiff and defendant Michael Williams have also filed a stipulation, pursuant to which the action against Chief Williams would be dismissed with prejudice. (Doc. 105). The stipulation invokes Rule 41(a)(1)(A)(ii). Because the stipulation is not "signed by all parties who have appeared," *id*., it is ineffective as a stipulation. However, the Court construes the stipulation as a motion to dismiss Chief Williams pursuant to Rule 41(a)(2). The defendants are **ordered** to file and serve any objection to the motion to dismiss Chief Williams on or before **February 9, 2015**.

DONE and ORDERED this 2nd day of February, 2015.

s/ WILLIAM H. STEELE
CHIEF UNITED STATES DISTRICT JUDGE