IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| AMY RACHEL, as Administratrix of the Estate of GREGORY RACHEL, deceased;<br><br>Plaintiff,<br><br>vs.<br><br>CITY OF MOBILE, ALABAMA; MICHAEL T. WILLIAMS, individually and in his official capacity as Chief of Police of the City of Mobile; Christopher McCann; John Jackson; Gerald Ripple; Edward Elia:<br><br>Defendants. | Civil Action No. 01:13-522-WS-M |

## PLAINTIFF'S SECOND AMENDED COMPLAINT

COMES NOW the Plaintiff, by and through counsel, and amends the First Amended Complaint in this cause of action in order to dismiss Michael T. Williams as a party defendant in this case. Plaintiff also dismisses claims filed as Count I and Count II of the original amended complaint.

## I. JURISDICTION

1. This is an action for damages and attorneys fees arising under 42

U.S.C. §§ 1983 and 1988, and damages arising under the laws of the state of Alabama.

2. This Court has original jurisdiction of this action and the parties pursuant to 42 U.S.C. §§ 1983 and 1988; the U.S. Constitution; the provisions in 28 U.S.C. §§ 1331, et seq.; and the ancillary jurisdiction of this Court is pursuant to 29 U.S.C. § 1367 for all state law claims. State law clams are brought under Alabama's wrongful death statute. Such claims arise from a common nucleus of operative fact with violation(s) of 42 U.S.C. § 1983 as set forth above.

3. Venue is proper pursuant to 28 U.S.C. § 1391.

4. The acts, omissions and practices described in this Complaint occurred within the jurisdiction of the United States District Court in and for the Southern District of Alabama.

5. Plaintiff, Amy Rachel, is the Personal Representative of the Estate of Gregory Rachel, deceased.

6. Plaintiff Rachel, as Personal Representative of the Estate seeks compensatory damages, punitive damages (where identified below), costs and expenses, and reasonable attorneys' fees pursuant to 42 U.S.C. § 1983, more specifically described below. Fee entitlement is alleged pursuant to 42 U.S.C. § 1988.

7. At all times material hereto, the acts, omission, practices and other

conduct of each defendant were committed under color of state of local law.

8.  At all times material hereto, the acts and omissions of the Defendant were committed by agents, employees and actors of the City of Mobile, Alabama police department and within the course and scope of their employment as police officers for the City of Mobile.

9.  At all times material hereto, Plaintiff ha complied with all conditions precedent to bringing this action, including, but not limited to, compliance with Alabama Code § 11-47-192.

## II. PARTIES

10. At all times material hereto, Plaintiff's Decedent, Gregory Rachel was a resident of Mobile County, Alabama and a citizen of the State of Alabama.

11. Defendant, City of Mobile, Alabama is a municipal corporation bound under the laws of the State of Alabama.

12. At all times material hereto, Defendant City of Mobile, Alabama was and employed individuals (namely police officers) who are "persons" subject to legal action under 42 U.S.C. § 1983.

13. At all times material hereto, Defendant Christopher McCann, was a "person" subject to legal action under 42 U.S.C. § 1983. At all times material to the facts alleged in Plaintiff's Original and First Amended Complaint, Defendant McCann was a police officer with the Mobile Police Department.

14. At all times material hereto, Defendant John Jackson, was a "person" subject to legal action under 42 U.S.C. § 1983. At all times material to the facts alleged in Plaintiff's Original and First Amended Complaint, Defendant Jackson was a police officer with the Mobile Police Department.

15. At all times material hereto, Defendant Gerald Ripple, was a "person" subject to legal action under 42 U.S.C. § 1983. At all times material to the facts alleged in Plaintiff's Original and First Amended Complaint, Defendant Ripple was a police officer with the Mobile Police Department.

16. At all times material hereto, Defendant Edward Elia, was a "person" subject to legal action under 42 U.S.C. § 1983. At all times material to the facts alleged in Plaintiff's Original and First Amended Complaint, Defendant Elia was a police officer with the Mobile Police Department.

17. At all times material hereto, Defendant City of Mobile, Alabama through it's agents and employees, including other unknown individual defendants, was responsible for the proper and efficient enforcement of the laws, regulations, policies, practices and procedures of the State of Alabama and the Constitution of the United States of America.

18. Plaintiff Rachel has retained the services of the undersigned attorneys and is obligated to pay a reasonable attorney's fee for such services in pursuing the claims asserted herein.

## III. FACTS APPLICABLE TO ALL COUNTS

19.     On or about May 1, 2012, the City of Mobile police department responded to a 911 potential domestic violence call by Amy Rachel at her address: 9782 Estate Drive. City of Mobile police officers McCann, Johnson, Ripple and Elia arrived at the Rachel residence at approximately 3:30 am. Prior to the arrival of the City of Mobile police, Amy Rachel and her children had left the residence and were across the street in a neighbor's home.

20.     Immediately prior to or at the same time as the arrival of the City of Mobile police officers, Gregory Rachel exited the residence through the front door. Gregory was dressed and unarmed as he exited the residence. Furthermore, as Gregory exited the home, he had his hands in the air.

21.     Upon exiting the residence, Gregory was observed walking around yard surrounding the home with his hands raised. At no time did Gregory Rachel offer resistance to the police officers.

22.     Shortly after exiting the home with his hands raised and while walking in his yard, two City of Mobile police officers - Defendants McCann and Johnson - used tasers on Gregory multiple times. As a result of the tasers being used, Gregory fell to his buttocks and knees and attempted to remove the taser darts. While doing so, Gregory requested that the police officers not taser him anymore. At no time during this episode did Gregory offer resistance to the City of

Mobile police officers.

23. While he was on his knees and buttocks, City of Mobile police officers - Defendants McCann and Johnson - began to kick and stomp Gregory. These police officers also used batons to physically beat Gregory on his back and other areas of his body. While striking, kicking and stomping Gregory, these police officers were heard to repeatedly yell at Gregory "What is wrong with you?"

24. Once Gregory was positioned face down in a ditch in front of his residence, he was manacled at his feet and his hands behind his back with handcuffs. While in this position (face down and restrained) one or two of the officers were observed sitting on his back.

25. During the events described above, additional officers from the City of Mobile police department arrived at the scene. Based upon information and belief, these additional officers are presumed to be Defendants Ripple and Elia. At some point after being restrained, two or more officers attempted to lift Gregory out of the ditch. During this effort, there was a discussion as to whether Gregory was still alive. During this discussion a neighbor who was observing the events and was an EMT began to assess Gregory and started chest compressions.

26. Despite resuscitative efforts by the bystander and Mobile County EMTs, Gregory Rachel died from injuries sustained during his interaction with the City of Mobile police officers.

## IV. LEGAL COUNTS

### Count I[1]
### Civil Rights Violation Under 42 U.S.C. § 1983
### City of Mobile, Alabama

### Count II[2]
### Civil Rights Violation Under 42 U.S.C. § 1983
### Individual and Official Capacity Claim
### Michael Williams Chief of Police City of Mobile

### Count III
### Civil Rights Violation Under 42 U.S.C. § 1983
### Individual and Official Capacity Claim
### Officers Christopher McCann, John Johnson,
### Gerald Ripple and Edward Elia

27. Plaintiff re-alleges paragraphs 1-26 as is fully set forth herein.

28. At all time material hereto, Defendants McCann, Johnson, Ripple and Elia had a legal duty to recognize, understand, follow and adhere to rules and procedures to ensure that as police officers, the amount of force used is appropriate to restrain and/or arrest citizens in a manner which is safe to all parties and necessary under the circumstances. This duty included, but was not limited to, the duty to recognize, follow, implement into practice and adhere to rules, regulations, practices and procedures which clearly direct police officers as to the appropriate use of force under relevant circumstances.

29. Defendants failure to recognize, follow and adhere to rules, regulation,

---

1  Count I has been dismissed.
2  Count II has been dismissed.

practices and polices regarding the appropriate use of force under the relevant circumstances and their conscious ignorance of legal duties and responsibilities under the law as a matter of custom and practice, constitutes deliberate indifference to the known, serious consequences of excessive force.

30. Defendants are legally liable for the deliberate indifference of their conduct with respect to the use of excessive force against Plaintiff's Decedent.

31. At all times material hereto, Defendants knew or reasonably should have known and it was foreseeable that their use of excessive force under the circumstances would result in serious injury or death to citizens of the City of Mobile. Specifically, McCann, Johnson, Ripple and Elia knew or reasonably should have known and it was foreseeable that their use of excessive force under the circumstances would result in serious injury or death to Gregory Rachel.

32. At all times material hereto, Defendants knew or reasonably should have known that their failure to recognize, follow and adhere to rules, regulations, policy or practice regarding proper use of force under relevant circumstances would result in serious injury or death to citizens of the City of Mobile. The conduct of these officers in the use of excessive force was careless, reckless, in deliberate indifference of the safety and/or rights of Gregory Rachel or other culpable conduct.

33. As a direct, proximate and foreseeable result of Defendants conduct in

violation of rules, regulations, standard of care, policies and practices relating to the use of excessive force, Plaintiff's Decedent was killed.

34. Defendants further acted with deliberate indifference in causing and/or contributing to cause the aforesaid constitutional violation as follows:

    a. Defendants failed to adequately recognize and follow an appropriate level of care in the use of an acceptable level of force thereby creating an atmosphere of illegal and unconstitutional behavior with respect to use of force in situations such as the incident made the basis of this complaint, in deliberate indifference and reckless disregard to the health, safety and welfare of persons facing restrain and/or arrest in the City of Mobile;

    b. Defendants failed to adequately recognize and follow an appropriate level of care police officers in responding to medical emergencies while an individual is restrained under the care and custody of City of Mobile police officers thereby creating an atmosphere of illegal and unconstitutional behavior with respect to use of force in situations such as the incident made the basis of this complaint, in deliberate indifference and reckless disregard to the health, safety and welfare of persons facing restrain and/or arrest in the City of Mobile.

35. As a direct, proximate and foreseeable result of the acts and omissions of Defendants McCann, Johnson, Ripple and Elia, individually and officially, Decedent suffered severe physical injuries from which he died.

WHEREFORE, Plaintiff Rachel, for the Estate, prays this Court grant the following relief on her civil rights claim brought pursuant to 42 U.S.C. §§ 1983 and 1988 against Defendants McCann, Johnson, Ripple and Elia:

(i) Judgement for compensatory damages against each Defendant;

(ii) Judgment for punitive damages against each Defendant;

(iii) Judgement for attorneys' fees pursuant to 42 U.S.C. § 1988, together with the costs and expenses of this civil rights action, against each Defendant;

(iv) Judgement for pre-judgment interest on all economic losses and on attorney's fees for delay in payment, against each such Defendant;

(v) A trial by jury on all issues so triable; and

(vi) Such other and further relief that this Court may deem just, proper and appropriate against each Defendant.

## Count IV
### State Law Negligence Claim

36. Plaintiff re-alleges paragraphs 1-35 as if fully set forth herein.

37. At all time material hereto, Defendants had a legal duty to appropriately restrain and/or arrest in a manner necessary under the circumstances. The City of Mobile, by and through the actions of its agents, specifically Defendants, McCann, Johnson, Ripple and Elia, acted negligently, carelessly and/or

unskillfully in the restraint and arrest of Gregory Rachel. As a proximate result of the negligence and/or wanton conduct of the City of Mobile by and through the actions of its agents Gregory Rachel was killed.

38. At all times material hereto, in attempting to restrain and/or arrest the Decedent, Defendant, through it's agents and employees, negligently, carelessly and/or unskillfully used physical force which was clearly excessive in light of the circumstances existing at the time of the arrest. Defendants, whether by and through it's agents and employees and/or individually, used excessive force with the intent to inflict unnecessary harm upon the Decedent and such use of force caused physical injuries resulting in death.

39. As a direct, proximate and foreseeable result of the acts and omissions of the Defendant, by and through the conduct of it's agents and employees, Decedent suffered severe physical injuries from which he died.

WHEREFORE, Plaintiff Rachel, for the Estate, prays this Court grant the following relief on her state law claim of wrongful death against Defendants City of Mobile, Alabama and/or Defendants, McCann, Johnson, Ripple and Elia:

(i) Judgment for punitive damages against each Defendant;

(ii) Judgement for pre-judgment interest on all economic losses and on attorney's fees for delay in payment, against each such Defendant;

      (iii)    A trial by jury on all issues so triable; and

      (iv)    Such other and further relief that this Court may deem just, proper and appropriate against each Defendant.

> /s/Henry Brewster
> Henry Brewster (BREWH7737)
> HENRY BREWSTER, LLC
> 205 N. Conception Street
> Mobile, Alabama 36603
> Email: hbrewster@brewsterlaw.net
> (251) 338-0630 (telephone)
> (251) 338-0632 (facsimile)
>
> ERIK S. HENINGER (ASB1189k46h)
> DREW HASKINS, IV (HASKD5855)
> HENINGER GARRISON DAVIS, LLC
> 2224 1ST Avenue North
> Post Office Box 11310 (35202)
> Birmingham, Alabama 35203
> 205-326-3336 (phone)
> 205-380-8080 (facsimile)
>
>
> Dixie Dan Powell (Fla. Bar No. 0603694)
> POWELL INJURY LAW, P.A.
> 602 S. Main Street
> Crestview, Florida 3256
> (850) 306-2667 (telephone)
> (850) 306-3263 (facsimile)
>
> ATTORNEYS FOR PLAINTIFF

## **JURY DEMAND**

Plaintiff demands trial by struck jury on all issues raised herein.

/s/ Henry Brewster
HENRY BREWSTER
Attorney for Plaintiff

**CERTIFICATE OF SERVICE**

I hereby certify that on this the 5th day of February, 2015, the foregoing document was filed using the CM/ECF system which will send notice to all parties.

/s/ Henry Brewster
HENRY BREWSTER
Attorney for Plaintiff