## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ALABAMA
## SOUTHERN DIVISION

| | |
|---|---|
| **AMY RACHEL, as Administratrix of the Estate of GREGORY RACHEL, Deceased,** ) ) ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| **v.** ) | |
| ) | |
| **CITY OF MOBILE, ALABAMA; MICHAEL T. WILLIAMS, individually and in his official capacity as Chief of Police of the City of Mobile; CHRISTOPHER MCCANN; JOHN JACKSON; JERALD RIPPLE; and EDWARD ELIA,** ) ) ) ) ) ) ) ) ) | **CASE NO. 1:13-CV-00522-WS-M** |
| ) | |
| **Defendants.** ) | |

### DEFENDANT JERALD RIPPLE'S
### ANSWER TO SECOND AMENDED COMPLAINT

Defendant Jerald Ripple answers the Second Amended Complaint as follows:

## I.      JURISDICTION

1.      Defendant admits that plaintiff is pursuing claims pursuant to 42 U.S.C. §1983 and the laws of the State of Alabama.  Any remaining allegations not specifically admitted herein are hereby denied.

2.     Defendant admits the jurisdiction of this Court.  Defendant admits that the state law claims were brought under Alabama's wrongful death statute.  Any remaining allegations not specifically admitted herein are hereby denied.

3.     Admitted.

4.     Defendant admits that the plaintiff's Second Amended Complaint asserts claims based on an incident that occurred within the geographical jurisdiction of the United States District Court for the Southern District of Alabama.  Any remaining allegations not specifically admitted herein are hereby denied.

5.     Defendant is without knowledge or information sufficient to admit or deny the truth of the averments of this paragraph; therefore, same are denied.

6.     Denied.

7.     Defendant admits that he acted under color of law at all material times.  Any remaining allegations not specifically admitted herein are hereby denied.

8.     Defendant admits that at all material times he was employed by the City of Mobile as a law enforcement officer and that he was acting within the line and scope of his employment as a police officer for the City of Mobile.  Any remaining allegations not specifically admitted herein are hereby denied.

9.     Denied.

## II.   <u>PARTIES</u>

10.   Admitted.

11.   Admitted.

12.   Defendant admits that the City of Mobile employed police officers at all times material to the allegations stated in the Second Amended Complaint.  Any remaining allegations not specifically admitted herein are hereby denied.

13.   Defendant admits that Christopher McCann was a City of Mobile police officer on May 1, 2012.   Any remaining allegations not specifically admitted herein are hereby denied.

14.   Defendant admits that John Jackson was a City of Mobile police officer on May 1, 2012.   Any remaining allegations not specifically admitted herein are hereby denied.

15.   Defendant admits that Jerald Ripple was a City of Mobile police officer on May 1, 2012.   Any remaining allegations not specifically admitted herein are hereby denied.

16.   Defendant admits that Edward Elia was a City of Mobile police officer on May 1, 2012.   Any remaining allegations not specifically admitted herein are hereby denied.

17.   Defendant is without knowledge or information sufficient to admit or deny the truth of the averments of this paragraph; therefore, same are denied.

18.    Defendant is without knowledge or information sufficient to admit or deny the truth of the averments of this paragraph; therefore, same are denied.

### III.    FACTS APPLICABLE TO ALL COUNTS

19.    Admitted that on May 1, 2012 City of Mobile police officers responded to a 911 domestic violence call by Amy Rachel.  Defendant further admits that the address for Amy Rachel was 9782 Estate Drive.  Defendant denies the remaining allegations of this paragraph.

20.    Denied.

21.    Denied.

22.    Denied.

23.    Denied.

24.    Denied.

25.    Denied.

26.    Denied.

### IV.    LEGAL COUNTS

### As to Count I

Count I has been dismissed and requires no response from this defendant.

### As to Count II

Count II has been dismissed and requires no response from this defendant.

4

## As to Count III

27.    Defendant adopts his prior responses.

28.    Denied.

29.    Denied.

30.    Denied.

31.    Denied.

32.    Denied.

33.    Denied.

34.    Denied.

     (a)    Denied.

     (b)    Denied.

35.    Denied.

## As to Count IV

36.    Defendant adopts his prior responses.

37.    Denied.

38.    Denied.

39.    Denied.

## FIRST AFFIRMATIVE DEFENSE

The Second Amended Complaint fails to state a claim against this defendant upon which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE

Plaintiff's claims against this defendant are barred by the applicable statutes of limitation.

## THIRD AFFIRMATIVE DEFENSE

At all times material to the allegations of the Second Amended Complaint, this defendant acted reasonably and in good faith.

## FOURTH AFFIRMATIVE DEFENSE

At all times material to the allegations of the Second Amended Complaint, this defendant used only such force as was reasonably necessary under the circumstances.

## FIFTH AFFIRMATIVE DEFENSE

Defendant asserts the defense of qualified immunity.

## SIXTH AFFIMATIVE DEFENSE

Defendant asserts the defense of State-agent immunity.

## SEVENTH AFFIRMATIVE DEFENSE

Defendant asserts the defense of discretionary-function immunity.

## EIGHTH AFFIRMATIVE DEFENSE

Defendant asserts the defense of law enforcement immunity pursuant to Ala. Code § 6-5-338.

## NINTH AFFIRMATIVE DEFENSE

This defendant asserts that the sole proximate cause of plaintiff's decedent's death are events, conditions, physiology and reactions which could not have been reasonably anticipated in the exercise of reasonable care applicable to this defendant, and as such, this defendant can have no liability whatsoever for the claims asserted in the Second Amended Complaint.

## TENTH AFFIRMATIVE DEFENSE

Defendant asserts the doctrine of intervening or superseding cause to the extent that acts of individuals known and unknown or conditions known or unknown may constitute acts or conditions of an independent character which this defendant had no duty or ability to control, thereby constituting an independent cause resulting in injury or death to plaintiff's decedent.

## ELEVENTH AFFIRMATIVE DEFENSE

Defendant asserts the defense of contributory negligence.

## TWELFTH AFFIRMATIVE DEFENSE

Defendant asserts the defense of substantive immunity.

## THIRTEENTH AFFIRMATIVE DEFENSE

The death of plaintiff's decedent was not proximately caused by any act or omission of this defendant.

## FOURTEENTH AFFIRMATIVE DEFENSE

Defendant claims the protection of all applicable statutory caps on damages.

## FIFTEENTH AFFIRMATIVE DEFENSE

Defendant claims the benefit of all statutes and the common law conferring immunity or protection to governmental entities or their employees.

## SIXTEENTH AFFIRMATIVE DEFENSE

Defendant asserts the defense of self-defense.

## SEVENTEENTH AFFIRMATIVE DEFENSE

Any award of punitive damage in this case would be unconstitutional in that it would violate both state and federal constitutional provisions.

## EIGHTEENTH AFFIRMATIVE DEFENSE

The imposition of punitive damages, without sufficient guidelines as to the proper circumstances for such an award or for the amount of such an award, would violate the due process guarantees of the federal and state constitutions.

## NINETEENTH AFFIRMATIVE DEFENSE

Plaintiffs' claim for punitive damages violates the Fifth and Fourteenth Amendments of the United States Constitution on the following grounds:

(a)     It is a violation of the due process and equal protection clauses of the Fourteenth Amendment to impose punitive damages, which are penal in nature, against a civil defendant upon the plaintiff satisfying a burden of proof which is less than the "beyond a reasonable doubt" burden of proof required in criminal cases;

(b)     The procedures pursuant to which punitive damages are awarded may result in the award of joint and several judgments against multiple defendants for

different alleged acts of wrongdoing which infringes the due process and equal protection clauses;

(c)     The procedures pursuant to which punitive damages are awarded fail to provide a reasonable limit on the amount of the award which thereby violates the due process clause;

(d)     The procedures pursuant to which punitive damages are awarded fail to provide specific standards for the amount of an award of punitive damages which thereby violates the due process clause;

(e)     The procedures pursuant to which punitive damages are awarded result in the imposition of different penalties for the same or similar acts, and therefore violate the equal protections clause;

(f)     The procedures pursuant to which punitive damages are awarded permit the imposition of punitive damages in excess of the maximum criminal fine or penalty for the same or similar conduct which thereby infringes the due process clause and the equal protection clause;

(g)     The procedures pursuant to which punitive damages are awarded are unconstitutionally vague; and,

(h)    The award of punitive damages in this action would constitute a deprivation of property without due process of law as required by the Fifth and Fourteenth Amendments to the United States Constitution.

## TWENTIETH AFFIRMATIVE DEFENSE

Plaintiffs claim for punitive damages violates the due process provisions of the Constitution of Alabama on the following grounds:

(a)    It is a violation of the due process clause to impose punitive damages, which are penal in nature, against a civil defendant upon the plaintiff satisfying a burden of proof less than the "beyond a reasonable doubt" burden of proof required in criminal cases;

(b)    The procedures pursuant to which punitive damages are awarded fail to provide a reasonable limit on the amount of the award;

(c)    The procedures pursuant to which punitive damages are awarded are unconstitutionally vague;

(d)    The procedures pursuant to which punitive damages are awarded fail to provide specific standards for the amount of such an award;

(e)    The award of punitive damages in this case would constitute a deprivation of property without due process of law;

(f)     The procedures pursuant to which punitive damages are awarded may result in the award of joint and several judgments against multiple defendants for different alleged acts of wrongdoing;

(g)     The procedures pursuant to which punitive damages are awarded may result in the imposition of different penalties for the same or similar acts; and

(h)     The procedures pursuant to which punitive damages are awarded permit the imposition of punitive damages in excess of the maximum criminal fine or penalty for the same or similar conduct.

## <u>TWENTY-FIRST AFFIRMATIVE DEFENSE</u>

Defendant asserts the defense of assumption of risk.

*/s/ Thomas O. Gaillard III*
THOMAS O. GAILLARD III (GAILT9459)
Attorney for Defendant Jerald Ripple

**OF COUNSEL:**
SATTERWHITE, DRUHAN,
GAILLARD & TYLER LLC
1325 Dauphin Street
Mobile, Alabama  36604
Telephone: (251) 432-8120
Facsimile: (251) 405-0147
tom@satterwhitelaw.com

## **CERTIFICATE OF SERVICE**

I hereby certify that on the 6th day of February, 2015, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the following:

Erik S. Heninger, Esquire                    Raymond L. Bell, Jr. Esquire
Drew Haskins, IV, Esquire                    Jonathan B. Mabire, Esquire

Latisha Rhodes Davis, Esquire                James B. Rossler, Esquire
Mark A. Newell, Esquire

Michael D. Strasavich, Esquire               James D. Brandyburg, Esquire
Betsy P. Collins, Esquire
Ricardo A. Woods, Esquire


                                        */s/ Thomas O. Gaillard III*
                                        OF COUNSEL