## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ALABAMA
## SOUTHERN DIVISION

| | | |
|---|---|---|
| AMY RACHEL, as Administratrix of | ) | |
| the Estate of GREGORY RACHEL, | ) | |
| Deceased, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | **CASE NO. 1:13-CV-00522-WS-M** |
| v. | ) | |
| | ) | |
| CITY OF MOBILE, ALABAMA; | ) | |
| CHRISTOPHER MCCANN; JOHN | ) | |
| JACKSON; and GERALD RIPPLE, | ) | |
| | ) | |
| Defendants. | ) | |

## ANSWER TO PLAINTIFF'S
## SECOND AMENDED COMPLAINT

Comes now Defendant, City of Mobile, Alabama ("the City"), by and through undersigned counsel of record, and for response to Plaintiff's Second Amended Complaint (Doc. 115) filed in this cause assigns the following, to-wit:

## FIRST DEFENSE

Plaintiff's Second Amended Complaint fails to state a claim upon which relief can be granted.

## I. JURISDICTION

1.      Paragraph 1 requires no response from the City; to the extent a response is required, the City denies the allegations of paragraph 1.

2.      It is admitted that this Court presently has jurisdiction over this action and over the City of Mobile, and that the state law claim is brought under Alabama's wrongful death statute.  The remaining allegations of Paragraph 2 are denied and the City demands strict proof thereof.

3.      Admitted.

4.      It is admitted that the Complaint alleges that certain acts, omissions and practices occurred with the geographical jurisdiction of the United States District Court for the Southern District of Alabama.  As set forth in this Answer, the occurrence of such allegations is denied by the City and the City demands strict proof thereof.

5.      Admitted upon information and belief.

6.      No response is required from the City to the allegations of Paragraph 6 as there is no claim made against the City under 42 U.S.C. § 1983.  To the extent a response is required from the City, the allegations of Paragraph 6 are denied.

7.      Denied.

8.      Denied.

9.      Denied.

## II.  PARTIES

10.     Admitted upon information and belief.

11.     Admitted.

12.     It is admitted that all times material hereto, the City employed police officers.   The remaining allegations of Paragraph 12 are denied and the City demands strict proof thereof.

13.     The City admits that as of May 1, 2012, Christopher McCann was a police officer with the Mobile Police Department.   The remaining allegations of Paragraph 13 are denied and the City demands strict proof thereof.

14.     The City admits that as of May 1, 2012, John Jackson was a police officer with the Mobile Police Department.   The remaining allegations of Paragraph 14 are denied and the City demands strict proof thereof.

15.     The City admits that as of May 1, 2012, Gerald Ripple was a police officer with the Mobile Police Department.   The remaining allegations of Paragraph 15 are denied and the City demands strict proof thereof.

16.     The City admits that as of May 1, 2012, Edward Elia was a police officer with the Mobile Police Department.   The remaining allegations of Paragraph 16 are denied and the City demands strict proof thereof.

17.     It is admitted that the City of Mobile employs sworn law enforcement officers as police officers with the Mobile Police Department.   The remaining allegations of Paragraph 17 are denied and the City demands strict proof thereof.

18.     It is admitted that Plaintiff has retained counsel.   The remaining allegations of Paragraph 18 are denied and the City demands strict proof thereof.

## III.  FACTS APPLICABLE TO ALL COUNTS

19.    It is admitted that on or about May 1, 2012, the City police department responded to a potential domestic violence call involving Amy Rachel, and that Amy Rachel resided at 9782 Estate Drive.  It is further admitted that when the City's police officers arrived at the scene, Amy Rachel and her children were at a neighbor's home.  The remaining allegations of Paragraph 19 are denied and the City demands strict proof thereof.

20.    Denied.

21.    Denied.

22.    It is admitted that during the incident in question, two of the City's police officers used tasers.  The remaining allegations of Paragraph 22 are denied and the City demands strict proof thereof.

23.    Denied.

24.    Denied.

25.    It is admitted that police officers Ripple and Elia from the City responded to the scene.  It is also admitted that a neighbor, identified as an EMT, gave assistance to the officers and rendered medical aid to Gregory Rachel. The remaining allegations of Paragraph 25 are denied and the City demands strict proof thereof.

26.     It is admitted that Gregory Rachel died on May 1, 2012.   The remaining allegations of Paragraph 26 are denied and the City demands strict proof thereof.

## IV.  LEGAL COUNTS

### Count III
**Civil Rights Violation Under 42 U.S.C. § 1983**
**Individual and Official Capacity Claim**
**Officers Christopher McCann, John Johnson,**
**Gerald Ripple and Edward Elia**

27.     The City adopts and re-alleges its responses to the allegations contained in Paragraphs 1-26 as if fully set forth herein.

28.     No response is required from the City as this Count is directed to defendants other than the City.  To the extent a response from the City is required, the allegations of Paragraph 28 are denied.

29.     No response is required from the City as this Count is directed to defendants other than the City.  To the extent a response from the City is required, the allegations of Paragraph 29 are denied.

30.     No response is required from the City as this Count is directed to defendants other than the City.  To the extent a response from the City is required, the allegations of Paragraph 30 are denied.

31.     No response is required from the City as this Count is directed to defendants other than the City.  To the extent a response from the City is required, the allegations of Paragraph 31 are denied.

32.     No response is required from the City as this Count is directed to defendants other than the City.  To the extent a response from the City is required, the allegations of Paragraph 32 are denied.

33.     No response is required from the City as this Count is directed to defendants other than the City.  To the extent a response from the City is required, the allegations of Paragraph 33 are denied.

34.     No response is required from the City as this Count is directed to defendants other than the City.  To the extent a response from the City is required, the allegations of Paragraph 34 are denied.

35.     No response is required from the City as this Count is directed to defendants other than the City.  To the extent a response from the City is required, the allegations of Paragraph 35 are denied.

## Count IV
## State Law Negligence Claim

36.     The City adopts and re-alleges its responses to the allegations contained in Paragraphs 1-35 as if fully set forth herein.

37.     Denied.

38.     Denied.

39.    Denied.

## FIRST AFFIRMATIVE DEFENSE

The Second Amended Complaint fails to state a claim against this defendant upon which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE

The alleged death of plaintiff's decedent was not proximately caused by the City.

## THIRD AFFIRMATIVE DEFENSE

Plaintiff's decedent was himself guilty of contributory negligence which proximately caused or contributed to his death.

## FOURTH AFFIRMATIVE DEFENSE

The City claims the benefit of all statutes limiting the liability of governmental entities or limiting the collection of judgments against municipal entities and their employees.

## FIFTH AFFIRMATIVE DEFENSE

The City claims the protections of all applicable statutory caps on damages, including but not limited to those imposing caps on damages recoverable against municipalities and their employees.

## SIXTH AFFIRMATIVE DEFENSE

The City claims all protections and benefits of *Ala. Code* § 11-47-190, -191, and -192.

## SEVENTH AFFIRMATIVE DEFENSE

The City claims all protections and benefits of *Ala. Code* § 11-93-2.

## EIGHTH AFFIRMATIVE DEFENSE

The City asserts the defense of substantive immunity.

## NINTH AFFIRMATIVE DEFENSE

The City asserts the defense of discretionary function immunity.

## TENTH AFFIRMATIVE DEFENSE

The City asserts the defense of state agent immunity.

## ELEVENTH AFFIRMATIVE DEFENSE

The City asserts the defense of statutory law enforcement immunity.

## TWELFTH AFFIRMATIVE DEFENSE

The City pleads the defense of self-defense.

## THIRTEENTH AFFIRMATIVE DEFENSE

The City claims the benefit of all statutes and the common law conferring immunity or protection to governmental entities or their employees.

## FOURTEENTH AFFIRMATIVE DEFENSE

The City pleads the defense of *Ala. Code* § 6-5-338 concerning peace officer immunity.

## FIFTEENTH AFFIRMATIVE DEFENSE

The City pleads the provisions of *Ala. Code* §§ 6-11-26 and -27 which prohibit imposition of punitive damages on municipalities.

## SIXTEENTH AFFIRMATIVE DEFENSE

Punitive damages are not awardable against the City for causes of action brought pursuant to 42 U.S.C. § 1983.

## SEVENTEENTH AFFIRMATIVE DEFENSE

Punitive damages are not awardable against the City under the laws of the State of Alabama.

## EIGHTEENTH AFFIRMATIVE DEFENSE

Any claim or cause of action asserted against the City under state law is barred due to plaintiff's failure to comply with the applicable statute of non-claims.

## NINETEENTH AFFIRMATIVE DEFENSE

This action is barred by the applicable statutes of limitation.

## TWENTIETH AFFIRMATIVE DEFENSE

The imposition of punitive damages under the facts of this case and the laws of the State of Alabama would constitute a denial of the guarantees of equal protection and due process afforded by the United States Constitution and the Constitution of the State of Alabama.

## TWENTY-FIRST AFFIRMATIVE DEFENSE

The City asserts the doctrine of intervening or superseding cause to the extent that acts of individuals known and unknown or conditions known or unknown may constitute acts or conditions of an independent character which the

City had no duty or ability to control, thereby constituting an independent cause resulting in injury to plaintiff.

## TWENTY-SECOND AFFIRMATIVE DEFENSE

The City asserts that the sole proximate cause of plaintiff's alleged injuries and damages are events, conditions, physiology and reactions which could not have been reasonably anticipated in the exercise of reasonable care applicable to the City, and as such, the City can have no liability whatsoever for the complaint and causes of action asserted against it.

## TWENTY-THIRD AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by the doctrines of waiver, estoppel, res judicata, collateral estoppel, judicial estoppel, ratification, consent, and acquiescence.

## TWENTY-FOURTH AFFIRMATIVE DEFENSE

The City pleads the sudden emergency doctrine.

## TWENTY-FIFTH AFFIRMATIVE DEFENSE

The City pleads assumption of the risk.

## TWENTY-SIXTH AFFIRMATIVE DEFENSE

The City contests damages and demands strict proof thereof.

## TWENTY-SEVENTH AFFIRMATIVE DEFENSE

The City pleads all limitations on claims and damages set forth in this Court's Order (Doc. 73) granting in part the City's Motion to Dismiss.

## <u>TWENTY-EIGHTH AFFIRMATIVE DEFENSE</u>

The City reserves the right to plead such additional affirmative defenses as may be ascertained through the course of discovery.

Respectfully submitted,


*/s/ Michael D. Strasavich*
MICHAEL D. STRASAVICH (STRAM9557)
Email:  mstrasavich@burr.com
BETSY P. COLLINS            (COLLB9715)
Email:  bcollins@burr.com
RICARDO A. WOODS        (WOODR1019)
Email:  rwoods@burr.com
Attorneys for Defendant
City of Mobile, Alabama

**OF COUNSEL:**
Burr & Forman LLP
RSA Tower
11 North Water Street
Suite 22200
Mobile, Alabama  36602
Telephone: (251) 344-5151
Facsimile:  (251) 344-9696

22896939 v1

11

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that I have served a copy of the foregoing document by Notice of Electronic Filing, or, if the party served does not participate in Notice of Electronic Filing, by U.S. First Class Mail, hand delivery, fax or email on this the 19th day of February, 2015:

Erik S. Heninger, Esquire
Drew Haskins, IV, Esquire
Heninger Garrison Davis, LLC
2224 1st Avenue North
Post Office Box 11310 (35202)
Birmingham, Alabama  35203
*Attorneys for Plaintiff, Amy Rachel as*
*Administratrix of the Estate of Gregory*
*Rachel, Deceased*

Henry Brewster, Esquire
Henry Brewster, LLC
205 N. Conception Street
Mobile, Alabama 36603
*Attorney for Plaintiff, Amy Rachel as*
*Administratrix of the Estate of Gregory*
*D. Rachel, Deceased*

Dixie Dan Powell, Esquire
Powell Injury Law, P.A.
602 S. Main Street
Crestview, Florida 32536
*Attorney for Plaintiff, Amy Rachel as*
*Administratrix of the Estate of Gregory*
*D. Rachel, Deceased*

Latisha Rhodes Davis, Esquire
Mark A. Newell, Esquire
Armbrecht Jackson LLP
63 South Royal Street
1300 Riverview Plaza
Mobile, Alabama  36602
*Attorneys for Defendant, Christopher*
*McCann*

Thomas O. Gaillard, III, Esquire
Satterwhite, Druhan, Gaillard &
        Tyler, LLC
1325 Dauphin Street
Mobile, Alabama 36604
*Attorney for Defendant, Gerald Ripple*

James D. Brandyburg, Esquire
The Brandyburg Firm, P.C.
51 Tacon Street, Suite D
Mobile, Alabama  36607
*Attorney for Defendant, John Jackson*

*/s/ Michael D. Strasavich*
OF COUNSEL