IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| AMY RACHEL, etc., | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
| v. | ) CIVIL ACTION  13-0522-WS-M |
| | ) |
| CITY OF MOBILE, ALABAMA, et al., | ) |
| | ) |
|     Defendants. | ) |

ORDER

The plaintiff has filed a motion to file an omnibus response to the four remaining defendants' motions for summary judgment. (Doc. 145). The plaintiff has also filed its response, which totals 94 pages (including nine pages of tables of contents, signature page and certificate of service). The plaintiff's motion at least implicitly seeks leave to file a brief longer than the 30 pages permitted by local rule.

The plaintiff appears to assume that her 85-page brief is unobjectionable because it is shorter than the 120 pages she could have utilized had she filed four separate briefs. (Doc. 145, ¶ 6). But it is difficult to see how 85 pages could fail to be excessive, given the plaintiff's representation that "the facts are largely in common for all four briefs" filed by the defendants and that "much of the law involved in all four briefs is identical." (*Id*., ¶¶ 2, 3).

Excess, however, is common in this lawsuit. The City file a proper 25-page brief, (Doc. 118), but it gamed the system by spinning off its entire statement of facts to a separate, 30-page document. (*Id*. at 4; Doc. 125). The other defendants engaged in the same practice. (Docs. 124 at 2; Doc. 125; Doc. 129 at 3; Doc. 131; Doc. 134 at 2; Doc. 136). As this Court has repeatedly observed, such a practice is improper.[1]

---

[1] The local rules require the filing of proposed determinations of uncontroverted fact. Local Rule 7.2(a). However, that rule "was not intended to allow parties to evade

The Court did not notice the defendants' tactic initially, and it is too late in the day to address it now.  However, having unknowingly allowed the defendants to file overly long briefs without motion, authorization or showing of true need, the Court cannot deny the plaintiff the same privilege.  Accordingly, the plaintiff's motion to file an omnibus response, and her embedded motion to exceed the page limitations of Local Rule 7.1(b), is **granted**.[2]

DONE and ORDERED this 10th day of March, 2015.

s/ WILLIAM H. STEELE
CHIEF UNITED STATES DISTRICT JUDGE

---

page limitations imposed by LR 7.1(b) … ; rather, the purpose of the Suggested Determinations of Fact and Conclusions of Law requirement is to have a party restate the facts and law from its brief in a form that the Court could adopt as its ruling in that party's favor." *Phillips v. Irvin*, 2006 WL 1663677 at *1 n.3 (S.D. Ala. 2006), *rev'd in part on other grounds*, 222 Fed. Appx. 928 (11th Cir. 2007); *see also State Farm Fire & Casualty Co. v. Richardson*, 2008 WL 4531765 at *1 n.1 (S.D. Ala. 2008) ("The 30-page briefing limitation set forth in Local Rule 7.1(b) would be meaningless if a party could disaggregate the fact and law portions of its brief into two different filings. … [T]he brief should be a self-contained filing including all factual recitation and legal discussion necessary to support the movant's position.").  Moreover, allowing filings under Rule 7.2(a) to include material not included in the movant's brief "is inefficient and unwieldy because it obligates the Court to read two interwoven documents in tandem in order to glean the gist of [the movant's] arguments." *English v. CSA Equipment Co.*, Civil Action No. 05-0312-WS-B (Doc. 49 at 3); *accord Gross-Jones v. Mercy Medical*, Civil Action No. 11-0132-WS-M (Doc. 59) (striking defendant's brief and proposed determinations on this basis); *see also Collar v. Austin*, ___ F.Supp. 3d ___, 2015 WL 505667 at *7 n.22 (S.D. Ala. 2015) ("Parenthetically, the defendant's purported 'adopt[ion] and incorporat[ion]' of his argument concerning *Haralson* from his reply brief on [a previous motion] is an improper and ineffective effort to avoid the page limitations of Local Rule 7.1(b)."); *Morgan v. Bill Vann Co.*, 2011 WL 6056083 at *1 n.1 (S.D. Ala. 2011) ("Those page limitations exist for good reason, to protect litigants and judicial resources alike, and are neither aspirational nor advisory in a litigant's discretion.").  In short, "[l]ike its sister courts, the Court will not countenance any attempt to avoid the page limit requirement of the Local Rules." *FNB Bank v. Park National Corp.*, 2013 WL 68427788 at *1 n.1 (S.D. Ala. 2013) (internal quotes omitted).

[2] The 15-page limitation for reply briefs found in Local Rule 7.1(b) will be strictly enforced.

2